UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, ET AL,

                Plaintiffs,

  -against-

YAN MOSHE, ET AL,

               Defendants.

---------------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 20-cv-1098 (FB)(RER)

*Appearances:*
*For the Plaintiffs*:
MAX GERSHENOFF, ESQ.
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556

*For Yan Moshe, Dynamic Surgery Center, Excel Surgery Center, and NJMHMC LLC*:
KEITH ROBERTS, ESQ.
Brach Eichler LLC
101 Eisenhower Pkwy
Roseland, NJ 07068

JEREMY MISHKIN, ESQ.
Montgomery McCracken
1735 Market Street
Philadelphia, PA 19103

*For Regina Moshe, Citimedical, Citimed, Nizar Kifaieh, and Premier Anesthesia Associates*:
CHARLES HORN, ESQ.
The Russel Friedman Law Group LLP
3000 Marcus Ave
Lake Success, NY 11042

*For Leonid Shapiro and Neurological Diagnostics Professional Association*:
MATTHEW CONROY, ESQ.
Schwartz, Conroy & Hack PC
666 Old Country Rd
Garden City, NY 11530

**BLOCK, Senior District Judge:**

Plaintiffs (collectively "GEICO") bring this action against Yan Moshe, Integrated Specialty, Hackensack Specialty, Excel Surgery Center, NJMHMC, Dr. Regina Moshe, Citimedical, Citimed Services, Dr. Leonid Shapiro, Neurological Diagnostics Professional Association, Dr. Nizar Kifaieh, and Premier Anesthesia. GEICO claims that defendants committed civil RICO violations, common law fraud, aiding and abetting fraud, unjust enrichment, and New Jersey Insurance Fraud Prevention Act violations. GEICO also seeks a declaratory judgment that it is not liable to pay the unpaid bills submitted by defendants.

GEICO now moves for a preliminary injunction to 1) stay all pending no-fault insurance collection arbitrations against GEICO by defendants; 2) enjoin defendants from commencing new no-fault insurance collection arbitrations or litigations against GEICO; and (3) enjoin the American Arbitration Association and other arbitral forums from accepting new cases by the defendants against GEICO.[1]

For the following reasons, GEICO's motion is granted in part, denied in part.

\* \* \*

The Court had oral argument on June 18, 2020 where defendants argued: (1) GEICO will not suffer irreparable harm because only money damages are at stake;

---

[1] An injunction against any arbitral forum is unnecessary in light of the injunction against defendants bringing any new arbitrations.  Therefore, GEICO's motion to enjoin arbitral forums is DENIED.

(2) GEICO cannot show a likelihood of success as their allegations are unsupported; and (3) the balance of hardships favors defendants as GEICO's policies may be exhausted.  The Court addresses each contention in turn.[2]

## I.     Motion for Preliminary Injunction

"In order to justify a preliminary injunction, a movant must demonstrate (1) irreparable harm absent injunctive relief; [and] (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor." *Metro. Taxicab Bd. of Trade v. Cty. of N.Y.*, 615 F.3d 152, 156 (2d Cir. 2010) (internal quotations omitted). "The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction."  *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 221 (E.D.N.Y. 2013) (quoting *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)).

### A. Irreparable Harm

"To establish irreparable harm, a party . . . must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling*, 295

---

[2] Defendants also argue that the Federal Arbitration Act prohibits granting a preliminary injunction staying the pending arbitrations. However, courts have concluded that the FAA does not apply to no-fault insurance collections arbitrations. *See Gov't Emps. Ins. Co. v. Mayzenberg*, 2018 WL 6031156, at *4 (E.D.N.Y. Nov. 16, 2018); *State Farm v. Parisien*, 352 F. Supp. 3d 215, 233 (E.D.N.Y. 2018).

F.3d at 214 (internal quotations omitted).  Irreparable harm occurs where "an insurer is required to waste time defending numerous no-fault actions when those same proceedings could be resolved globally in a single, pending declaratory judgment action." *Parisien*, 352 F. Supp. 3d at 233.

Defendants have 4,786 pending arbitrations against GEICO that present a risk of inconsistent judgments. This certainly establishes irreparable harm.  *Mayzenberg*, 2018 WL 6031156, at *5 ("The concern is that allowing over 180 arbitrations to be heard by a mix of arbitrators, each of whom will likely come to their own independent and contradictory conclusions that may be rendered ineffective by this Court, will result in harm to GEICO from which it cannot recover."); *Liberty Mut. Ins. v. Excel Imaging*, 879 F. Supp. 2d 243, 264 (E.D.N.Y. 2012) ("Permitting these individual claims to proceed to arbitration while [insurer's] claim for a declaratory judgment remains pending in this court puts the plaintiffs at significant risk of multiple judgments that may be inconsistent with the ultimate decision in this case").

Defendants cite *Allstate Ins. Co. v. Harvey Family Chiropractic*, 677 F. App'x 716 (2d Cir. 2017) in arguing that "mere injuries . . . in terms of money, time and energy" do not rise to irreparable harm.  However, *Harvey* does not preclude granting an injunction to avoid inconsistent judgments. *See Gov't Emps. Ins. Co. v. Wellmart*, 435 F. Supp. 3d 443, 451 (E.D.N.Y. 2020) ("[T]he Second Circuit [in

*Harvey*] said nothing of the risk of inconsistent judgments."); *see also* 2d Cir. Local R. 32.1.1(a) ("Rulings by summary order do not have precedential effect.")

Accordingly, GEICO has shown irreparable harm.[3]

## B. Serious Question Going to the Merits

GEICO must also demonstrate, at this stage, "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in GEICO's favor. *Parisien*, 352 F. Supp. 3d at 234.

A plethora of precedent demonstrates courts routinely find a "serious question going to the merits" under similar circumstances. *See Gov't Emps. Ins. Co. v. Strut*, 2020 WL 1820500 (W.D.N.Y. Apr. 10, 2020) (finding serious question going to the merits where the complaint cited prior civil and criminal litigations against defendants); *Parisien*, 352 F. Supp. 3d at 234 (finding serious question going to the merits where the complaint and exhibits alleged defendants provided unnecessary medical services); *Elzanaty*, 929 F. Supp. 2d at 222 (finding serious question going to the merits where complaint alleged "complicated scheme" of fraud).

Defendants argue these cases are distinguishable because those courts were provided more proof of fraud. While many courts have granted injunctions after

---

[3] Defendants also cite *Allstate Ins. Co. v. Avetisyan*, 2018 WL 6344249 (E.D.N.Y. Oct. 30, 2018), where a preliminary injunction was denied because the pending claims at arbitration were different from the claims alleged as fraudulent. Because GEICO challenges arbitration claims as fraudulent, *Avetisyan* is distinguishable.

considering a more developed record, a complaint alone can be sufficient to grant an injunction. This is particularly true where, as here, the complaint comprehensively details regulatory violations, unnecessary medical services, and unlawful referrals. *See Strut*, 2020 WL 1820500, at *2 (rejecting insufficient proof argument where complaint provided "examples to support each of [GEICO's] fraud theories, citing specific patients, accident dates, and treatment dates."); *Excel Imaging*, 879 F. Supp. 2d at 254-64 (staying arbitration based on facts "primarily from the complaint").

The complaint alleges the following facts:

(1) Yan Moshe ("Moshe") has been sued seven times by insurers alleging he previously engaged in similar fraudulent billing activities.[4]

(2) Moshe conspired with individuals, including defendants Leonid Shapiro and Nizar Kifaieh, to run his facilities "on paper," while Moshe controlled the facilities without a medical degree. The complaint supports these allegations with specific examples and Kifaieh's testimony from a prior litigation that he did not pay for ownership of Premier and Moshe provided him with equipment.

---

[4] Defendants argue that because these cases were dismissed without admissions, they are irrelevant. However, at this stage, the cases support GEICO's allegation that defendants are engaging in fraudulent billing similar to the seven previous suits.

(3) Moshe's facilities, particularly those directed by Shapiro, were repeatedly cited by the New Jersey Department of Health for regulatory violations. In fact, one facility was temporarily closed due to unsanitary conditions.

(4) Defendants unlawfully referred patients to Moshe's facilities for unnecessary services often without disclosing Moshe's interest. Defendants subsequently billed GEICO for these unnecessary services.[5]

(5) Defendants prescribed identical treatment for people involved in a single accident despite their varying ages and health conditions. The complaint provides 10 detailed examples of when this occurred. [6]

(6) Regina and Citimedical billed GEICO for services provided in New Jersey even though Citimedical could not lawfully provide services outside New York.  The complaint provides 15 detailed examples of when this occurred.

(7) Moshe and Hudson Regional unlawfully requested reimbursement for facility fees that exceeded the limits set by the NJ fee schedule.

(8) Defendants submitted bills purporting that they were in compliance with all laws and regulations while engaging in the above activities.

---

[5] Defendants attach disclosure of ownership interest forms to their opposition in an attempt to dispute GEICO's unlawful referral claims. However, these forms are from 2018/2019 and GEICO alleges the unlawfully referrals started in 2012.

[6] *See Parisien*, 352 F. Supp. 3d at 229 ("Facially legitimate treatments may be provided with little variance across multiple patients, but it is only by analyzing the claims as a whole that the irresistible inference arises that the treatments are not being provided on the basis of medical necessity.")

These allegations are hardly conclusory as they are supported by detailed examples throughout the complaint.  Because the complaint adequately alleges "a complicated scheme of . . . fraudulent activity," GEICO established a serious question going to the merits.  *Elzanaty*, 929 F. Supp. 2d at 222.

### C. Balance of hardships

GEICO must also establish that "the balance of hardships tip[] decidedly" in its favor.  *Parisien*, 352 F. Supp. 3d at 234.

Absent a preliminary injunction, GEICO will face thousands of different proceedings.  *See Mayzenberg*, 2018 WL 6031156, at *7.  Defendants argue that GEICO's policies will be exhausted during the pendency of this action, preventing defendants from recovering if they prevail.  However, this argument is speculative at best considering defendants do not identify any policies nearing exhaustion. Regardless, an expedited discovery and defendants' entitlement to interest if they prevail address any imminent exhaustion issues. *See Elzanaty*, 929 F. Supp. 2d at 222 (defendant will "benefit from the stay if it ultimately prevails in this matter, because it will be entitled to the collection of interest").

Accordingly, the balance of hardships favors GEICO.

### D. Bond

Rule 65(c) of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the

movant gives security in an amount that the court considers proper." Fed. R. Civ. P. 65(c). However, courts have "wide discretion to dispense with the bond requirement" when "there has been no proof of likelihood of harm." *Donohue v. Mangano*, 886 F. Supp. 2d 126, 163 (E.D.N.Y. 2012) (internal quotations omitted).

GEICO undoubtedly has the ability to pay if defendants prevail. As such, defendants will suffer no harm from the injunction and the bond requirement is waived. *See Wellmart*, 435 F. Supp. 3d 443, 456 (waiving bond requirement).

## II.    Conclusion

For the foregoing reasons, GEICO's motion for a preliminary injunction is GRANTED in part, and a preliminary injunction is issued (1) staying all of defendants pending arbitrations against GEICO; and (2) enjoining defendants from commencing new no-fault arbitrations and litigations against GEICO. GEICO's motion to enjoin the AAA is denied.  Discovery will proceed on an expedited basis.

**IT IS SO ORDERED.**

  _/S/ Frederic Block_____
  FREDERIC BLOCK
  Senior United States District Judge

June 29, 2020
Brooklyn, New York